1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CORNELIA J. GRIGGS,

11          Plaintiff,                    Case No. 2:10-cv-1469 DAD

12      vs.

13   MICHAEL J. ASTRUE,                   ORDER
     Commissioner of Social Security,
14
            Defendant.
15   _____/

16          This social security action was submitted to the court without oral argument for

17   ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary

18   judgment.  For the reasons explained below, plaintiff's motion is granted, defendant's cross-

19   motion is denied, the decision of the Commissioner of Social Security (Commissioner) is

20   reversed, and the matter is remanded for further proceedings consistent with this order.

21                          **PROCEDURAL BACKGROUND**

22          On October 23, 2007, plaintiff filed applications for Disability Insurance Benefits

23   (DIB) under Title II of the Social Security Act (the Act) and for Supplemental Security Income

24   (SSI) under Title XVI of the Act, alleging disability beginning on June 15, 2007, based on a heart

25   condition and diabetes.  (Transcript (Tr.) at 36-38, 41-43.)  The application for DIB was denied

26   initially on December 12, 2007, and upon reconsideration on March 7, 2008, on the ground that

1   plaintiff's condition was not severe enough to keep her from working.  (Tr. at 14, 18, 23-32.)  A

2   hearing as to both applications was held before an Administrative Law Judge (ALJ) on August

3   20, 2009.  (Tr. at 5-6, 356-97.)  Plaintiff was represented by counsel and testified at the

4   administrative hearing.  (Tr. at 356, 360-91.)  In a decision issued on November 13, 2009, the

5   ALJ found that plaintiff had not been under a disability from June 15, 2007 through the date of

6   the decision.  (Tr. at 10-13.)  The ALJ entered the following findings:

7         1.  The claimant meets the insured status requirements of the
        Social Security Act through December 31, 2010.
8

9         2.  The claimant has engaged in substantial gainful activity since
        February 1, 2008 (20 CFR 404.1520(b), 404.1571 *et seq.*,
        416.920(b) and 416.971 *et seq.*).
10

11         3.  There has been no continuous 12-month period during which
        the claimant has not engaged in substantial gainful activity.

12         4.  The claimant has not been under a disability, as defined in the
        Social Security Act, from June 15, 2007 through the date of this
13         decision (20 CFR 404.1520(b) and 416.920(b)).

14   (Tr. at 12-13.)

15        On April 16, 2010, the Appeals Council denied plaintiff's request for review of

16   the ALJ's decision.  (Tr. at 2-4.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g)

17   by filing the complaint in this action on June 15, 2010.

18                                **LEGAL STANDARD**

19        The Commissioner's decision that a claimant is not disabled will be upheld if the

20   findings of fact are supported by substantial evidence in the record as a whole and the proper

21   legal standards were applied.  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973

22   (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

23   The findings of the Commissioner as to any fact, if supported by substantial evidence, are

24   conclusive.  Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such

25   relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

26   Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones

v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920. Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

1     The claimant bears the burden of proof in the first four steps of the sequential

2   evaluation process.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the

3   sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098

4   (9th Cir. 1999).

5                                      **APPLICATION**

6     Plaintiff argues that the ALJ erred when he found that the combination of her cash

7   earnings as an in-home care provider and the in-kind value of her housing made her ineligible for

8   federal disability benefits because the value of her compensation exceeded the substantial gainful

9   activity (SGA) level for the relevant time period.  Specifically, plaintiff contends that the ALJ

10  failed to apply and follow the guidelines set forth in Social Security Ruling (SSR) 88-33 in

11  considering plaintiff's earnings and determining whether she was engaging in SGA at the

12  relevant times.   Finally, plaintiff argues that even if her properly determined, countable earnings

13  exceeded the applicable statutory minimum, under the decision in Keyes v. Sullivan, 894 F.2d

14  1053, 1056 (9th Cir. 1990), "[t]he mere existence of earnings over the statutory minimum is not

15  dispositive" as to whether a disability claimant is engaging in SGA.  Accordingly, plaintiff seeks

16  an order vacating the Commissioner's decision and remanding the case for a new administrative

17  hearing.  The court finds plaintiff's arguments to be persuasive.

18     The ALJ's decision in this case is very brief.  (Tr. at 10-13.)  A mere half page of

19  the three-and-a-half- page decision is devoted to the issue of whether plaintiff engaged in SGA.

20  (Tr. at 12-13.)  The ALJ's SGA analysis is set forth in its entirety here:

21          The claimant testified that she was working as an IHSS caregiver
           for a friend and was paid $9.68 per hour and works 76.2 hours per
22         month ($9.68 x 76.2 hours = $737.62 per month).  She does not
           pay rent but contributes to utilities and maintenance of $225.00 per
23         month.  She was paying $550.00 per month in rent but now it is
           free for watching over her client when not on duty.
24
            A Work Activity Report - Employee completed by the claimant
25         indicated that since February 2008 she has been working as an
           IHSS at $9.50 per hour, 17 hours a week, earning $723.00 per
26         month (Exhibits 42-E-51E).

                                          4

> The undersigned finds that rent pursuant to SSR 83-33 as well as the regulations (see 20 CFR 404.1041 & 404.1043) can be counted as wages in determining if a claimant is engaging in substantial gainful activity. Additionally, SSR 94-1c indicates "In evaluating the gainfulness of a claimant's work, an ALJ's inquiry is more circumscribed . . . a claimant can be found to be engaging in SGA without earning any income." Hence, her rent in lieu of wages when helping care for her client when not on duty can be considered wages. Given the guidance by the regulations and Social Security Rulings, the undersigned determined that her board (rent) in lieu of wages paid constituted substantial gainful activity and when added to her monthly earnings as an IHSS caregiver, she has been engaging in SGA as her total compensation has been over $1,200.00 per month since February 2008.

(Tr. at 12-13.)

Turning to plaintiff's first contention, SSR 88-33 is a program policy statement issued by the Social Security Administration in 1983. The purpose of the statement is to articulate the agency's policy "regarding whether work performed by employees[1] is substantial gainful activity (SGA) under the disability provisions" of Titles II and XVI of the Act. SSR 83-33, 1983 WL 31255 (S.S.A.). The SSR requires consideration of the value of a non-blind individual's earnings as substantial if those earnings are more than a designated amount per month but then requires consideration of whether such earnings are significant if they exceed relevant annual limits on monthly earnings after certain deductions are applied.[2] Such "countable earnings" must be determined by deducting from gross earnings both the value of any subsidized earnings and certain impairment-related work expenses paid by the individual. The determination of countable earnings under SSR 83-83 appears to be relatively complex and involves application of non-monetary standards under certain identified circumstances. Where

---

[1] The evaluation of work performed by self-employed persons is the subject of a separate program policy statement published as SSR 83-34.

[2] When issued in 1983, the SSR set the designated earnings amount at $300 per month. That minimum amount has increased regularly since then. According to defendant Commissioner, the designated earnings amounts applicable in this case were $940 a month in 2008 and $980 per month in 2009.

applicable, tests of comparability and worth must be considered.  In the end, "[i]f there is any reasonable doubt as to whether an individual engaged in SGA under the tests of comparability or worth of work, the adjudicator should generally conclude that the individual did not engage in SGA."  SSR 83-33, 1983 WL 31255 at *9.

First, whatever else is true, it appears clear that the ALJ's brief treatment of the SGA issue in this case failed to apply and follow the standards set out in SSR 83-33.  In this regard, the court finds that the ALJ's decision does not address evidence in the record that supports the conclusion that plaintiff's pay during 2008 and 2009 consisted in part of a subsidy. The ALJ determined that plaintiff's ability to live rent-free was in return for work and implicitly ruled that it constituted an in-kind payment for purposes of calculating plaintiff's SGA. However, in making this determination the ALJ did not consider plaintiff's testimony that living with her friend and employer was a condition of employment once she became one of her friend's IHSS providers.  The ALJ also did not address "countable earnings" nor did he evaluate the circumstances of plaintiff's work, as performed, in order to determine whether a subsidy existed.  The ALJ should have evaluated the evidence indicating that plaintiff's work was done under special conditions, including the evidence before the ALJ that plaintiff was not the only IHSS provider employed to assist her friend/employer and that plaintiff was permitted to work irregular hours and take rest periods when needed.[3]

An ALJ's failure to analyze the subsidy issue in a meaningful manner under SSR 83-33 may necessitate remand.  See Rossello v. Astrue, 529 F.3d 1181, 1185-86 (D.C. Cir. 2008) (reversing and remanding where decision that claimant had engaged in SGA was not supported by evidence or proper analysis under SSR 83-33); Johnson v. Astrue, No. CIV 10-4052-RAL, 2011 WL 972119, at *10-12 (D.S.D. Mar. 16, 2011) (reversing decision that plaintiff

---

[3] Here, it appears that absent the ALJ's "rent in lieu of wages" determination, plaintiff did not earn the minimum earning amount required to raise the rebuttable SGA presumption during 2008 and 2009.  See fn.2, above.

1   engaged in SGA where SSR 83-33 required deduction of subsidized earnings based on evidence

2   that plaintiff received wage subsidies and special accommodations); Atkinson v. Astrue, Civil

3   No. 08-cv-00646-LTB, 2009 WL 198027, at *4 (D. Colo. Jan. 28, 2009) (remanding where

4   ALJ's decision was "devoid of any substantive analysis relating to the tests used to determine

5   Plaintiff's SGA as set forth in SSR 83-33" and applicable regulations); Ting v. Apfel, No.

6   C9803798 THE, 2000 WL 274189, at *3 (N.D. Cal. Mar. 3, 2000) (reversing and remanding

7   where the Commissioner failed to respond to the plaintiff's invocation of SSR 83-33 and

8   presentation of a plausible argument for a reduction in her countable earnings based on the

9   concept of subsidies, which could lead to a finding that the plaintiff did not engage in SGA). Cf.

10  Acosta v. Apfel, 15 F. Supp. 2d 947, 950-51 (C.D. Cal. 1998) (remanding for further proceedings

11  where the ALJ assumed in determining past relevant work that the plaintiff's work caring for his

12  son was SGA, without discussing the evidence and without addressing SSR 83-33 and relevant

13  regulations).  This is such a case.

14        In addition, even when calculated in keeping with the applicable regulations the

15  minimum earnings amount raises only a rebuttable presumption of SGA.  Corrao v. Shalala, 20

16  F.3d 943, 948 (9th Cir. 1994); Keyes, 894 F.2d at 1056.  That presumption created by the

17  earnings test may be rebutted based upon the responsibilities and skills required to perform the

18  work, the amount of time spent working, the quality of the work, special working conditions

19  among other factors.  Corrao, 20 F.3d at 948; Katz v. Sec'y of Health & Human Servs., 972 F.2d

20  290, 293-94 (9th Cir. 1992); Keyes, 894 F.2d at 1056.  At the administrative hearing in this case

21  plaintiff presented evidence that can be fairly characterized as rebutting the SGA presumption,

22  even if that presumption was properly invoked in the first instance.  Yet, the ALJ's brief

23  treatment of the issue, set forth in its entirety above, did not address that evidence.  Accordingly,

24  the ALJ failed to apply the correct legal standards in finding that plaintiff had engaged in

25  substantial gainful activity since February 1, 2008.

26  /////

**CONCLUSION**

The court finds that the Commissioner's decision must be reversed because the ALJ did not develop the record in accordance with the guidelines established in SSR 83-33 and, as a result, the decision that plaintiff engaged in SGA is not supported by substantial evidence. This matter will be remanded for a new hearing and a new decision that follows the guidelines set forth in SSR 83-33.  See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990) ("While lacking the force of law, [Social Security] rulings constitute the Social Security Administration's official interpretations of the statute it administers and of its own regulations.  As such, they are binding on ALJ's.") (citations omitted)).

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment (Doc. No. 14) is granted;

2.  Defendant's cross-motion for summary judgment (Doc. No. 15) is denied;

3.  The Commissioner's decision is reversed; and

4.  This case is remanded for further proceedings consistent with this order.

DATED: September 30, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.socsec/griggs1469.order