IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CORNELIA J. GRIGGS,

    Plaintiff,    No. CIV S-10-1469 DAD

    v.

MICHAEL J. ASTRUE,    ORDER
Commissioner of Social Security,

    Defendant.
_____/

        This matter is before the court on plaintiff's fully briefed motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA").

        Plaintiff brought this action seeking judicial review of a final administrative decision denying her application for Disability Insurance Benefits ("DIB") under Title II and for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act ("the Act"). On September 30, 2011, following the filing of a motion for summary judgment by plaintiff and a cross-motion for summary judgment by defendant, the court granted plaintiff's motion, reversed the decision of the Commissioner and remanded the action for further proceedings.

        The court's decision was based upon the conclusion that the Administrative Law Judge ("ALJ") had failed to develop the administrative record in accordance with the guidelines

1

established in SSR 88-33 and, as a result, the ALJ's decision that the plaintiff had engaged in substantial gainful activity ("SGA") was not supported by substantial evidence in the record. In this regard, the undersigned noted that the ALJ's brief treatment of the SGA issue failed to apply and follow the standards set out in SSR 83-33. The court remanded the matter for a new hearing and a new decision that followed the guidelines set forth in SSR 83-33. Judgment was accordingly entered for plaintiff on September 30, 2011.

On October 28, 2011, plaintiff filed a motion for attorney fees seeking a fee award of $11,696.52 for 66.40 hours of attorney time expended in connection with this action. On November 21, 2011, defendant filed a request for an extension of time to file opposition to plaintiff's motion. The undersigned granted defendant's request on November 23, 2011. Defendant filed a statement opposing plaintiff's motion for attorney fees on December 2, 2011. Therein, defendant argues that the government was substantially justified in defending the ALJ's decision and that the amount of hours expended by plaintiff's counsel in connection with this action were unreasonable.

On December 9, 2011, plaintiff filed a reply and on December 14, 2011, an amended reply. Therein, plaintiff argues that defendant was not substantially justified in defending the ALJ's decision and that the amount of hours expended by plaintiff's counsel were reasonable. Nonetheless, in her reply plaintiff's counsel has elected to reduce the amount of attorney fees sought to $10,924.63 for 62.1 hours of attorney time expended in connection with this action. This new amount sought represents $8,770.51 for 50.1 hours of time expended in 2010 at a rate of $175.06 and $2,154.12 for 12 hours of time expended in 2011 at a rate of $179.51.

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). See also

Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B) (i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff.") . "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." Gutierrez v. Barnhart, 274 F.3d 1255, 1257 (9th Cir. 2001).

Here, the court finds that plaintiff is the prevailing party. Moreover, the court finds that plaintiff did not unduly delay this litigation, and that her net worth did not exceed two million dollars when this action was filed. The court also finds that the position of the Commissioner was not substantially justified. See Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998) ("While the government's defense on appeal of an ALJ's procedural error does not automatically require a finding that the government's position was not substantially justified, the defense of basic and fundamental errors such as the ones in the present case is difficult to justify."); Sampson v. Chater, 103 F.3d 918, 921-22 (9th Cir. 1996) (finding no substantial justification where the Commissioner "did not prove that her position had a reasonable basis in either fact or law" and "completely disregarded substantial evidence" of the onset of disability).

The EAJA expressly provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)A). Under the EAJA, hourly rates for attorney fees have been capped at

$125.00 since 1996, but district courts are permitted to adjust the rate to compensate for an increase in the cost of living.[1]  See 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140, 1147-49 (9th Cir. 2001); Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998).  Determining a reasonable fee "'requires more inquiry by a district court than finding the product of reasonable hours times a reasonable rate.'"  154 F.3d at 988 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (internal citations omitted)).  The district court must consider "'the relationship between the amount of the fee awarded and the results obtained.'"  Id. at 989 (quoting Hensley, 461 U.S. at 437).

Here, plaintiff's attorney obtained an order for a new hearing despite defendant's cross-motion for summary judgment.  Moreover, after carefully reviewing the record and the pending motion, the court finds the claimed 62.1 hours to be a reasonable amount of attorney time to have expended on this matter and declines to conduct a line-by-line analysis of counsel's billing entries.  See, e.g., Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993); Vallejo v. Astrue, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *4 (E.D. Cal. Sept. 20, 2011); Destefano v. Astrue, No. 05-CV-3534, 2008 WL 623197, *4 (E.D. N.Y. Mar. 4, 2008).  While the issues presented may have been straightforward, 62.1 hours can be fairly characterized as comparable to the amount of time devoted to similar tasks by counsel in like social security appeals coming before this court.  See Boulanger v. Astrue, No. CIV S-07-0849 DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); Watkings v. Astrue, No. CIV S-06-1895 DAD, 2011 WL 4889190, at *2 (E.D. Cal. Oct. 13, 2011) (finding 62 hours to be a reasonable amount of time); Vallejo v. Astrue, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be a

---

[1] In accordance with Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory maximum hourly rates authorized by the EAJA, as adjusted annually.  The rates may be found on the Court's website.  See http://www.ca9.uscourts.gov.  Here, plaintiff's requested rates are consistent with the statutory maximum rates established by the Ninth Circuit.

1  reasonable amount of time); Dean v. Astrue, No. CIV S-07-0529 DAD, 2009 WL 800174, at *2

2  (E.D. Cal. Mar. 25, 2009) (finding 41 hours to be a reasonable amount of time).  While the court

3  finds that the amount of time spent on the task at hand by plaintiff's counsel is at the upper-end

4  of that claimed in connection with similar work, the court also appreciates that social security

5  cases are often fact-intensive and is aware of the successful result obtained by counsel in this

6  action.

7  Accordingly, IT IS HEREBY ORDERED that:

8  1. Plaintiff's motion for attorney fees under the Equal Access to Justice Act (Doc.

9  No. 20) is granted; and

10  2. Plaintiff is awarded $10,924.63 for attorney fees under 28 U.S.C. § 2412(d).[2]

11  DATED: April 20, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
ddad1/orders.soc sec/griggs1469.attyfees.eaja2

---

[2] Plaintiff's motion does not specify whether plaintiff sought to have her fee award made payable to plaintiff's counsel.  Moreover, plaintiff's counsel has not submitted a fee agreement in connection with this motion.  The United States Supreme Court has concluded that an attorney fee award under the EAJA is payable to the litigant and is therefore subject to a government offset to satisfy any pre-existing debt owed to the United States by the claimant.  Astrue v. Ratliff, ___, U.S. ___, ___, 130 S. Ct. 2521, 2526-27, 2529 (2010).  However, aside from noting its holding in a footnote found in the reply, plaintiff's counsel did not address Ratliff, despite the fact that defendant's opposition specifically opposed having the fee award made payable to plaintiff's counsel.  Accordingly, the attorney's fees shall be awarded to plaintiff herself as the "prevailing party" under the EAJA.  See 28 U.S.C. § 2412(d)(1)(A).